**2015 UT App 12**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ANDRE WILLIAM WELLINGTON,
Defendant and Appellant.

Memorandum Decision
No. 20130107-CA
Filed January 23, 2015

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 111906945

Debra M. Nelson and Nisa J. Sisneros, Attorneys
for Appellant

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and STEPHEN L. ROTH
concurred.

CHRISTIANSEN, Judge:

¶1 Defendant Andre William Wellington appeals from the revocation of his probation and the imposition of a previously suspended sentence. We affirm.

¶2 On January 9, 2012, Defendant pled guilty to one count of driving under the influence of alcohol (DUI), a third degree felony. The district court sentenced Defendant to an indeterminate prison term not to exceed five years. The court then suspended the prison sentence, placed Defendant on probation for thirty-six months, and

ordered that he serve 240 days in jail as a condition of his probation. The court ordered Defendant to comply with numerous other probation conditions, including a requirement that he violate no laws.

¶3     Defendant was released from jail on May 7, 2012, after serving about four months of his jail term. On July 23, 2012, Adult Probation and Parole (AP&P) filed a probation-violation report with the court alleging that Defendant had violated several of his probation conditions. AP&P recommended that Defendant's probation be revoked and that he be sent to prison. At an August 20, 2012 order-to-show-cause (OSC) hearing, Defendant admitted that he had violated his probation in several ways. However, neither Defendant nor the State informed the court that Defendant had also been arrested on July 21, 2012, for other criminal conduct not included in the July 23 probation-violation report. Based on the admitted probation violations, the court found that Defendant had willfully violated the conditions of his probation. Defense counsel asked the court to give Defendant "one more shot at probation," and the court agreed to do so. Instead of revoking his probation, the court modified some of Defendant's probation conditions and told Defendant, "I'll give you one more chance. I'll . . . place you on probation for three years beginning today." Like the initial probation conditions, Defendant's modified conditions required that he violate no laws.

¶4     On August 17, 2012, the State charged Defendant with the offenses he allegedly committed on July 21 and had not been discussed at the August OSC hearing. On August 28, 2012, Defendant appeared before a different judge and pled guilty to one count of attempted theft by receiving stolen property, a third degree felony. At the same time, AP&P filed another probation-violation report in the original DUI case alleging that Defendant had again violated the terms of his probation as a result of his July 21 criminal conduct. Based upon the probation-violation allegations, the district court in the original DUI case scheduled an OSC hearing for December 3, 2012.

¶5     During the December OSC hearing, Defendant admitted to violating his probation in two respects: (1) committing attempted theft by receiving a stolen vehicle on July 21, 2012, for which he was convicted, and (2) associating with a known criminal in a manner reasonably likely to result in criminal activity, also occurring on July 21, 2012. After Defendant admitted to violating his probation, defense counsel reminded the district court that those violations occurred before Defendant appeared at the August OSC hearing. The court, despite acknowledging that the probation violations occurred before the August OSC hearing, found that the violations were willful and therefore revoked Defendant's probation and reimposed his suspended prison sentence. Defendant appeals.

¶6     Generally, "[w]e review a trial court's decision to revoke probation for an abuse of discretion." *State v. Legg*, 2014 UT App 80, ¶ 7, 324 P.3d 656. Defendant argues that the district court abused its discretion by basing its probation-revocation decision on its finding that Defendant willfully violated his probation. Defendant concedes that he did not adequately preserve this claim for appellate review; he therefore raises it under the doctrine of plain error. To prevail on a claim based on plain error, Defendant must satisfy three elements: "First, he must establish that an error did in fact occur. Second, he must establish that the error should have been obvious to the trial court. Third, [he] must establish that the error was harmful . . . ." *State v. Candland*, 2013 UT 55, ¶ 22, 309 P.3d 230 (citation and internal quotation marks omitted). To establish the first and second elements of the plain-error test—i.e., that the district court committed an obvious error—Defendant argues that insufficient evidence supports the district court's finding of a willful probation violation.

¶7     "[I]n order for a trial court to revoke probation based on a probation violation, the court must determine by a preponderance of the evidence that the violation was willful." *State v. Maestas*, 2000 UT App 22, ¶ 24, 997 P.2d 314 (citation and internal quotation marks omitted). A probation violation is willful if "the probationer

did not make bona fide efforts to meet the conditions of his probation." *Id.* (citation and internal quotation marks omitted). Additionally, a "trial court's finding of a probation violation is a factual [finding] and therefore must be given deference on appeal unless the finding is clearly erroneous." *State v. Johnson*, 2012 UT App 118, ¶ 2, 276 P.3d 1254 (citation and internal quotation marks omitted). To the extent our analysis requires the interpretation of the Utah Code sections governing probation, we observe that "[o]ur primary goal in construing statutory language is to give effect to the true intent and purpose of the Legislature, and the best tool for doing so is generally the plain language of the statute itself." *State v. Houston*, 2011 UT App 350, ¶ 12, 263 P.3d 1226 (citation and internal quotation marks omitted).

¶8     In arguing that the district court erred by finding that he engaged in willful conduct, Defendant essentially asserts that the time that he spent on probation is divided into two segments, each representing a separate probation term. The first segment spanned from January 9, 2012, the date on which the court initially placed Defendant on probation after his DUI conviction, until August 20, 2012, the date on which the court placed Defendant on probation for an additional thirty-six months and modified his probation conditions. The second segment spanned from August 20, 2012, until December 3, 2012, the date on which the district court found that Defendant had willfully violated his probation, revoked Defendant's probation, and reimposed his prison sentence. Under these circumstances, Defendant argues that because the July 21 criminal conduct occurred before August 20, it was improper for the district court to consider that criminal conduct in revoking Defendant's then-current probation term. And because the court's willful-violation finding stemmed from Defendant's admission to having committed the July 21 criminal conduct, and not from any other offense, Defendant asserts that no evidence supported the court's finding of a violation of the probation term that began on August 20.

¶9    Defendant's argument about two separate probationary terms, though creative, is inconsistent with both the record before us and the relevant law. The timeline of events in this case, together with the plain language of the statutes governing probation, indicate that Defendant was subject to a single probation term from the point his prison sentence was suspended and he was initially placed on probation on January 9, 2012, until that probation was revoked and he was sentenced to prison on December 3, 2012. A defendant remains on probation until his probation is terminated "at the discretion of the court or upon completion without violation of 36 months probation." Utah Code Ann. § 77-18-1(10)(a)(i) (LexisNexis Supp. 2011). As of August 20, 2012, the date on which Defendant asserts that his first probation terminated and his second, separate probationary term began, Defendant had not completed thirty-six months of probation without violation. Nor did the district court manifest any intent to terminate Defendant's probation at the August 20, 2012 OSC hearing. Instead, the court elected to renew Defendant's probation for thirty-six months from that day, as was within its discretion after determining that Defendant had willfully violated his probation. Indeed, "[u]pon a finding that the defendant violated the conditions of probation, the court may order the probation revoked, modified, continued, or that the entire probation term commence anew." *Id.* § 77-18-1(12)(e)(ii). By effectively ordering probation for three years as of August 20, 2012, the court did not terminate a prior term of Defendant's probation in order to start a new, separate term; rather, the court's order operated as a modification or renewal of Defendant's already-existing probation term.

¶10    Moreover, the relevant Utah Code sections did not in any way prohibit the district court from considering any potential probation violations that occurred within that entire single probation term. At no point did the court modify or remove the condition of Defendant's probation that he not violate any laws. By admitting to the July 21 criminal conduct as alleged in AP&P's probation-violation report, Defendant conceded facts sufficient to support a finding that he had failed to "make bona fide efforts to

meet the conditions of his probation." *See Maestas,* 2000 UT App 22, ¶ 24 (citation and internal quotation marks omitted). Therefore, the district court's finding that Defendant had willfully violated his probation was not clearly erroneous. *See Johnson*, 2012 UT App 118, ¶ 2.

¶11 Because we conclude that the district court properly determined that Defendant willfully violated the conditions of his probation, Defendant has not established that the district court committed an error below. *See State v. Candland*, 2013 UT 55, ¶ 22, 309 P.3d 230 ("To prevail under plain error review, a defendant must demonstrate . . . that an error did in fact occur." (citation and internal quotation marks omitted)). Accordingly, the district court did not commit plain error.

¶12 Affirmed.[1]

────────────

1. We appreciate Defendant's concern that a probationer's due-process rights may be implicated in a case like this. Although the statutes governing probation do not facially prohibit dealing with alleged probation violations on a piecemeal basis, there seems to be a legitimate question whether some constraint should exist on the State's ability to bring successive claims of probation violation. This is particularly true where, as here, a successive violation is claimed for criminal conduct that occurred before an OSC hearing and which was known to the State and the defendant, but was not brought to the district court's attention at that hearing and as a consequence not addressed at that time. However, after requesting supplemental briefing from the parties on this issue, we remain unpersuaded that due process requires any additional procedural protections beyond those already afforded to a probationer in an OSC hearing. Notwithstanding this conclusion, we commend the parties for their thorough briefing on this issue.